DECISION AND JOURNAL ENTRY
Appellant-defendant Culver Snipes appeals the denial of his motion to dismiss and his conviction in the Lorain County Court of Common Pleas. This Court affirms.
On June 3, 1997, Snipes was indicted on one count of rape in violation of R.C. 2907.02(A)(1)(b). The indictment charged that sometime during the time period of May 1, 1988 to September 30, 1988, Snipes had raped a child under the age of thirteen. Snipes entered a not guilt plea and moved to dismiss the indictment against him on the basis that the applicable statute of limitations had expired prior to its filing. The trial court denied the motion. A jury found Snipes guilty as charged, and the court sentenced him accordingly.
Snipes timely appeals, asserting two assignments of error.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS THE CHARGE[.]
Snipes contends that the trial court incorrectly determined that the indictment against him for rape was not barred by the applicable statute of limitations. This Court disagrees.
A prosecution for rape is barred unless it is commenced within six years after the offense was committed. R.C.2901.13(A)(1). "The period of limitations shall not run during any time when the corpus delicti remains undiscovered." R.C.2901.13(F). "[T]he corpus delicti of crimes involving child abuse or neglect is discovered when a responsible adult, as listed in R.C. 2151.421, has knowledge of both the act and the criminal nature of the act." State v. Hensley (1991) 59 Ohio St.3d 136, syllabus.
The record shows that at the time of the rape, in 1988, the victim was 6 years old. In 1990, the victim revealed the rape to her mother, who did not report the incident. Snipes argues that the time period for the six-year statute of limitations was triggered when the child-victim told her mother in 1990. This assertion is completely meritless. The Ohio Supreme Court has specifically excluded victims' parents from the list of persons considered "responsible adults" under R.C. 2151.421. Hensley,supra at 141.
Snipes further contends that the time started running in 1990, because during that year the victim discussed the rape with Snipes and some of Snipes' family members. This argument is also rejected. There is no evidence that the rape was revealed to Snipes or any of his family members; rather, Snipes testified at trial that, in 1990, the victim told Snipes and a few members of Snipes' family that she had a dream that Snipes raped her. And, even if the victim had told Snipes and Snipes' family members about the rape allegations in 1990, this revelation would not have been sufficient to trigger the time limitation period. The Ohio Supreme Court has limited those persons who qualify as a "responsible adult" under R.C. 2151.421, "to those persons listed in R.C. 2151.421." Id.
Because neither the child-victim's family nor the defendant's family were under a legal duty to immediately report any known or suspected child abuse or neglect to certain governmental agencies that are responsible for investigating, in cooperation with law enforcement officials, any allegations of abuse or neglect, pursuant to R.C. 2151.421, the statute of limitations did not begin to run in 1990. Rather, the time period was triggered when the victim reported the rape to a police detective in 1997. The indictment for rape against Snipes was filed on June 3, 1997, and therefore, the trial court did not err in refusing to dismiss the indictment.
Snipes first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT'S JUDGEMENT [sic] OF CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]
In his second assignment of error, Snipes argues that his conviction is against the manifest weight of the evidence. This Court disagrees.
In determining whether a conviction is against the manifest weight of the evidence, this Court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. An appellate court that overturns a jury verdict as against the manifest weight of the evidence acts in effect as a "thirteenth juror," setting aside the resolution of testimony and evidence as found by the trier of fact. State v.Thompkins (1997), 78 Ohio St.3d 380, 387. This action is reserved for the exceptional case where the evidence presented weighs heavily in favor of the defendant. Otten, supra.
"A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact."State v. Haydon (Dec. 22, 1999), Summit App. No. 19094, unreported, citing State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported. It is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Snipes was charged with one count of rape in violation of R.C. 2907.02(A)(1)(b), which states that "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person." R.C.2907.01(A) defines "sexual conduct" as:
 vaginal intercourse between a male and female * * * without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.
Snipes asserts that "[t]he only evidence presented to support the allegation of Rape was the testimony of the alleged victim," and that the victim "testified that [Snipes] never penetrated her[,]" and therefore, his conviction is against the manifest weight of the evidence. This contention is meritless. A review of the record reveals that the victim testified that her uncle, Snipes, "put his private part in [her] private part." The victim recounted that Snipes unbuckled his pants, took out his penis, and rubbed his penis on the victim's vagina. With his fingers, Snipes then rubbed Vaseline on the victim's vagina and on his penis and then proceeded to rub his penis on her vagina. The victim further testified that Snipes spread her vaginal lips apart with his fingers and put his penis on her vagina, but that his penis "wouldn't go inside[,]" and that it hurt. "Penetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. 2907.01(A).
This is not the exceptional case where the evidence presented weighs heavily in favor of the defendant. This Court cannot conclude that the jury lost its way or created a manifest miscarriage of justice such that Snipes' conviction must be reversed. Snipes second assignment of error is overruled.
The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT, BAIRD, P. J., SLABY, J., CONCUR